IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. PROCTOR, JR.,** | : | CIVIL ACTION NO. 3:23-CV-1323 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF SCI-HOUTZDALE,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, James H. Proctor, Jr., challenges his 2000 conviction for first-degree murder and related charges in the Monroe County Court of Common Pleas. The petition will be dismissed with prejudice as untimely and procedurally defaulted.

**I.     Factual Background & Procedural History**

On October 27, 2000, Proctor was convicted of first-degree murder and other charges arising from the killing of his daughter. Commonwealth v. Proctor, No. 1508-cr-1998, 2005 WL 6067886, at *1 (Monroe Cnty. Ct. Com. Pl. Mar. 10, 2005). On January 11, 2001, he was sentenced to life in prison without the possibility of parole. Id. Proctor appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on March 19, 2002. Commonwealth v. Proctor, 799 A.2d 174 (Pa. Super. Ct. 2002). He then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 11, 2002. Commonwealth v. Proctor, 812 A.2d 1229 (Pa. 2002).

Proctor filed a collateral challenge to his conviction and sentence pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on October 16, 2003. Proctor, 2005 WL 6067886, at *1. The Court of Common Pleas denied the PCRA petition on March 10, 2005. Id. Proctor appealed to the Superior Court, which affirmed the denial of the petition on February 24, 2006. Id. The Pennsylvania Supreme Court then denied his petition for allowance of appeal on October 17, 2006. Commonwealth v. Proctor, 909 A.2d 1289 (2006). Proctor has filed multiple additional PCRA petitions since the denial of his first petition, all of which have been denied. (See Doc. 7).

Proctor filed the instant case on August 9, 2023. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on February 16, 2024, arguing that it is untimely and procedurally defaulted and that it should additionally be denied on its merits. (Doc. 33). Proctor filed a reply brief on March 5, 2024. (Doc. 37). Proctor has also filed numerous other documents in the case but has not sought leave to amend or supplement his claims for habeas corpus relief. (See Docs. 6-8, 11, 13-15, 17-22, 24-

27, 34-36, 38-55). The case was reassigned to the undersigned on January 21, 2025, by verbal order of Chief United States District Judge Matthew W. Brann.[1]

## II. Discussion

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Proctor's petition names as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. (Doc. 1). The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office. The proper respondent in a habeas corpus action, however, is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the Attorney General will be dismissed from this case and the court finds that the naming of the Attorney General as a respondent does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244(d)(1)(A), Proctor had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A). Proctor's conviction became final on January 9, 2003, the last date on which he could have filed a petition for writ of certiorari to the United States Supreme Court. See U.S. S. Ct. R. 13(1). The limitations period ran for 280 days until October 16, 2003, when the filing of Proctor's first PCRA petition statutorily tolled the limitations period. See 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until October 17, 2006, when the Supreme Court denied his petition for allowance of appeal relating to the PCRA petition. At that point, based on the 280 days that had already elapsed towards the end of the limitations period, Proctor had 85 days remaining to timely file his petition, meaning that he was required to file it no later than January 10, 2007. He did not file his petition until August 9, 2023, meaning that the petition is untimely by over sixteen years.

Proctor's successive PCRA petitions did not toll the limitations period under 28 U.S.C. § 2244(d)(1) because the limitations period had already expired before they were filed. The filing of a PCRA petition simply pauses the limitations period for a federal habeas petition; it does not restart or reset it. Johnson v. Hendrick, 314 F.3d 159, 161-62 (3d Cir. 2002).

4

The only other argument that Proctor has advanced to excuse the untimeliness of his petition is that he is actually innocent of the crimes for which he was convicted. (Doc. 37 at 8). Credible claims of actual innocence may serve as an exception to AEDPA's one-year statute of limitations, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), but a petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence," Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)). Proctor has not produced any new evidence to support his actual innocence argument and instead simply argues in conclusory fashion that he is innocent. (See Doc. 37 at 8). This is not a sufficient basis to excuse the untimeliness of a petition. See Wallace, 2 F.4th at 151.

### B. Procedural Default

Proctor's claims are additionally subject to dismissal because they are procedurally defaulted. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the

5

Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

Courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves, 897 F.3d at 160.

In this case, Proctor acknowledges that he failed to exhaust state court remedies. (Doc. 1 at 5). The claims are procedurally defaulted because the one-year statute of limitations for a second or successive PCRA petition has long since

6

expired under Pennsylvania law. See 42 Pa.C.S. 9545(b). Proctor has not offered any basis to excuse the procedural default of his claims other than stating in conclusory fashion that he is actually innocent of the crimes for which he was convicted and that "government officials" engaged in "interference." (Doc. 37 at 8). Absent any new or additional evidence to support these arguments, they are insufficient to excuse the procedural default of his claims. Accordingly, Proctor's claims are properly dismissed as both untimely and procedurally defaulted.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely and procedurally defaulted. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   February 21, 2025